## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA

-------------------------------------------------------------------------x

Tina Slaughter,

           Plaintiff,                                       **C.A. No.:**

       -against-                                      **DEMAND FOR JURY TRIAL**

Trans Union, LLC,
Equifax Information Services, LLC,
Experian Information Solutions, Inc.,
Verizon Wireless Services, LLC,

             Defendant(s).

-------------------------------------------------------------------------x

## COMPLAINT

Plaintiff Tina Slaughter ("Plaintiff"), by and through her attorneys, and as for her Complaint against Defendant Trans Union, LLC ("Trans Union"), Defendant Equifax Information Services, LLC ("Equifax"), Defendant Experian Information Solutions, Inc. ("Experian" and collectively along with Trans Union and Equifax as "Bureaus"), and Defendant Verizon Wireless Services, LLC ("Verizon" and collectively along with Bureaus as "Defendants") respectfully sets forth, complains, and alleges, upon information and belief, the following:

### JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as well as 15 U.S.C. § 1681p *et seq*.

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), being that the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

1

3. Plaintiff brings this action for damages arising from the Defendants' violations of 15 U.S.C. § 1681 *et seq*., commonly known as the Fair Credit Reporting Act ("FCRA").

**PARTIES**

4. Plaintiff is a resident of the State of North Carolina in the County of Caldwell.

5. At all times material hereto, Plaintiff was a "consumer" as said term is defined under 15 U.S.C. § 1681a(c).

6. Trans Union is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and conducts substantial and regular business activities in this judicial district. Trans Union is a Delaware corporation registered to do business in the State of Florida and may be served with process upon the Corporation Service Company, its registered agent for service of process located at 2626 Glenwood Avenue, Ste. 550, Raleigh, NC 27608.

7. At all times material hereto, Trans Union is a consumer reporting agency regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as said term is defined under 15 U.S.C. § 1681(d) to third parties.

8. At all times material hereto, Trans Union disbursed such consumer reports to third parties under a contract for monetary compensation.

9. Equifax is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and conducts substantial and regular business activities in this judicial district. Equifax is a Georgia corporation registered to do business in the State of Florida and may be served with process upon the Corporation Service Company, its registered agent for service of process located at 2626 Glenwood Ave, Ste. 550, Raleigh, NC 27608.

2

10. At all times material hereto, Equifax is a consumer reporting agency regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as said term is defined under 15 U.S.C. § 1681(d) to third parties.

11. At all times material hereto, Equifax disbursed such consumer reports to third parties under a contract for monetary compensation.

12. Experian is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and conducts substantial and regular business activities in this judicial district. Experian is an Ohio corporation registered to do business in the State of North Carolina and may be served with process upon C T Corporation System, its registered agent for service of process located at 160 Mine Lake Ct., Ste. 200, Raleigh, NC 27615.

13. At all times material hereto, Experian is a consumer reporting agency regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as said term is defined under 15 U.S.C. § 1681(d) to third parties.

14. At all times material hereto, Experian disbursed such consumer reports to third parties under a contract for monetary compensation.

15. Verizon is a person who furnishes information to consumer reporting agencies under 15 U.S.C. § 1681s-2 and may be served with process upon CT Corporation System, its registered agent for service of process located at 160 Mine Lake Ct., Ste. 200, Raleigh, NC 27615.

## FACTUAL ALLEGATIONS

16. Plaintiff incorporates by reference paragraphs 1 through 15 of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

17. This Complaint pertains to Plaintiff's Verizon account with account number ending in *********0560 ("Account").

18. On or around January 25, 2025, Plaintiff paid all of her outstanding balances with Verizon and asked for her Verizon service for her phone to be terminated.

19. Plaintiff immediately switched to a different provider.

20. Plaintiff was therefore surprised when she received a bill a few months later from Verizon for an outstanding balance.

21. Plaintiff was certain that she had fully paid off all outstanding balances for her Verizon Account back in January but opted to make the payment after receiving assurances from Verizon that this would be the last payment.

22. On or around May 6, 2026, Plaintiff was therefore shocked to discover a new bill from Verizon for $227.37.

23. Plaintiff immediately called Verizon to dispute the bill.

24. Verizon conceded that the bill was sent in error and assured Plaintiff that her Account was fully paid.

25. Such assurances were short lived, as Plaintiff received collections notices from TransWorld, a debt collector for the very same debt.

26. Plaintiff contacted TransWorld to explain that the debt was erroneous and showed Trans World documentation evidencing such.

4

27. TransWorld conveyed to Plaintiff that they will stop trying to collect the debt.

28. However, Plaintiff continued to receive debt collection letters from Sequium, a different debt collector

29. Further, upon reviewing her credit reports from the Bureaus, Plaintiff discovered that Verizon was reporting her Account with an outstanding balance.

<u>Verizon Dispute and Violation</u>

30. Upon information and belief, on a date better known to Trans Union, Equifax and Experian ("Bureaus"), the Bureaus prepared and issued credit reports concerning the Plaintiff that included inaccurate and misleading information.

31. The inaccurate information furnished by Verizon and published by the Bureaus is inaccurate since the Account is listed as a collection account with a past due amount of $317.

32. It is factually inaccurate to mark Plaintiff's Account as a collection account with an outstanding balance when in reality Plaintiff does not owe any balance on this Account due to her fully paying and cancelling the services for this Account back in January 2025.

33. By marking Plaintiff's Account as a collection account with a balance, the Defendants give the false impression to potential lenders that Plaintiff was irresponsible by failing to pay her balance in full.

34. Plaintiff disputed the Account with the Bureaus by sending a well-detailed dispute letter dated January 12, 2026 ("Dispute").

35. Included in the Dispute was documentation showing that she terminated services with Verizon back in January 2025.

36. Upon information and belief, the Bureaus sent Verizon notice of Plaintiff's dispute.

37. Upon receipt of Plaintiff's Dispute letters from the Bureaus, Verizon failed to conduct a reasonable investigation and continued to report false and inaccurate adverse information on Plaintiff's consumer reports with respect to the disputed Account.

38. Had Verizon done a reasonable investigation of the Plaintiff's Dispute, it would have been revealed to Verizon that inaccurate reporting was due to no fault of the Plaintiff but due to an internal error within Verizon's system.

39. This account should have never been reported at all to the credit bureaus, and even more so as a negative account in collections.

40. Furthermore, Verizon themselves admitted to Plaintiff this error and stated it would be corrected prior to Plaintiff having to dispute this information.

41. Despite Plaintiff's disputes that the information on her consumer reports was inaccurate with respect to the disputed Account, the Bureaus did not timely evaluate or consider any of the information or claims of the Plaintiff and did not timely make an attempt to substantially or reasonably verify that the derogatory information concerning the disputed Account was inaccurate.

42. The Bureaus violated 15 U.S. Code § 1681i(a)(1)(A) by failing to conduct a reasonable investigation since they failed to delete or correct the disputed trade line within 30 days of receiving Plaintiff's dispute letter.

43. Had the Bureaus conducted a reasonable investigation of the Plaintiff's dispute, it would have been revealed to the Bureaus that the outstanding balance, and the entire reporting of this account was improperly listed.

6

44. The Bureaus have been reporting this inaccurate information through the issuance of false and inaccurate credit information and consumer reports that it has disseminated to various persons and credit grantors.

45. Potential credit grantors reviewed Plaintiff's credit reports, as evidenced by soft and hard pulls on Plaintiff's credit reports.

46. Notwithstanding Plaintiff's efforts, Defendants continued to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors, as evidenced by the inquiries on the Plaintiff's credit report in the form of hard and soft pulls.

47. As a result of Defendants' failure to comply with the FCRA, Plaintiff suffered concrete harm in the form of loss of credit, loss of ability to purchase and benefit from credit, a chilling effect on applications for future credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

**FIRST CAUSE OF ACTION**
**(Willful Violation of the FCRA as to the Bureaus)**

48. Plaintiff incorporates by reference paragraphs 1 through 47 of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

49. This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 et seq.

50. The Bureaus violated 15 U.S.C. § 1681e by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that the Bureaus maintained concerning the Plaintiff.

7

51. The Bureaus violated 15 U.S.C. §1681i(a) by failing to delete inaccurate information from the credit file of the Plaintiff after receiving actual notice of such inaccuracies and conducting reinvestigation and by failing to maintain reasonable procedures with which to verify the disputed information in the credit file of the Plaintiff.

52. The Bureaus have willfully and recklessly failed to comply with the Act. The failure of the Bureaus to comply with the Act includes but is not necessarily limited to the following:

    a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

    b) The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

    c) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

    d) The failure to promptly and adequately investigate information which the Bureaus had notice was inaccurate;

    e) The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

    f) The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised the Bureaus to delete; and

    g) The failure to take adequate steps to verify information the Bureaus had reason to believe was inaccurate before including it in the credit report of the consumer.

53. As a result of the conduct, action and inaction of the Bureaus, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, a chilling effect on

future applications for credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

54. The conduct, action and inaction of the Bureaus was willful rendering the Bureaus liable for actual, statutory and punitive damages in an amount to be determined by a Judge and/or Jury pursuant to 15 U.S.C. § 1681n.

55. The Plaintiff is entitled to recover reasonable costs and attorney's fees from the Bureaus in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, Tina Slaughter, an individual, demands judgement in her favor against the Bureaus for damages together with attorney's fees and Court costs pursuant to 15 U.S.C. § 1681n.

## SECOND CAUSE OF ACTION
### (Negligent Violation of the FCRA as to the Bureaus)

56. Plaintiff incorporates by reference paragraphs 1 through 55 of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

57. This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 et seq.

58. The Bureaus violated 15 U.S.C. § 1681e by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that the Bureaus maintained concerning the Plaintiff.

59. The Bureaus violated 15 U.S.C. § 1681i(a) by failing to delete inaccurate information from the credit file of the Plaintiff after receiving actual notice of such inaccuracies and conducting reinvestigation and by failing to maintain reasonable procedures with which to verify the disputed information in the credit file of the Plaintiff.

9

60. The Bureaus have negligently failed to comply with the Act. The failure of the Bureaus to comply with the Act include but are not necessarily limited to the following:

   a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

   b) The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

   c) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

   d) The failure to promptly and adequately investigate information which the Bureaus had notice was inaccurate;

   e) The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

   f) The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised the Bureaus to delete; and

   g) The failure to take adequate steps to verify information the Bureaus had reason to believe was inaccurate before including it in the credit report of the consumer.

61. As a result of the conduct, action and inaction of the Bureaus, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, a chilling effect on future applications for credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

62. The conduct, action and inaction of the Bureaus was negligent, entitling the Plaintiff to damages under 15 U.S.C. § 1681o.

10

63. The Plaintiff is entitled to recover reasonable costs and attorney's fees from the Bureaus in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 1681o.

WHEREFORE, Plaintiff, Tina Slaughter, an individual, demands judgement in her favor against the Bureaus for damages together with attorney's fees and Court costs pursuant to 15 U.S.C. § 1681o.

<div align="center">

**THIRD CAUSE OF ACTION**
**(Willful Violation of the FCRA as to Verizon)**

</div>

64. Plaintiff incorporates by reference paragraphs 1 through 63 of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

65. This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

66. Pursuant to the Act, all persons who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

67. Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

68. The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as the Defendant must be reported to other agencies which were supplied such information.

69. Verizon violated 15 U.S.C. § 1681s-2 by failing to fully and properly investigate the dispute of the Plaintiff; by failing to review all relevant information regarding same by

failing to correctly report results of an accurate investigation to the credit reporting agencies.

70. As a result of the conduct, action and inaction of Verizon, Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, a chilling effect on future applications for credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

71. The conduct, action and inaction of Verizon was willful, rendering Verizon liable for actual, statutory and punitive damages in an amount to be determined by a jury pursuant to 15 U.S.C. § 1681n.

72. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Verizon in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, Tina Slaughter, an individual demands judgement in her favor against Verizon in for damages together with attorney's fees and Court costs pursuant to 15 U.S.C. § 1681n.

### FOURTH CAUSE OF ACTION
**(Negligent Violation of the FCRA as to Verizon)**

73. Plaintiff incorporates by reference paragraphs 1 through 43 of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

74. This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

75. Pursuant to the Act, all persons who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information in a consumer credit report.

12

76. Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

77. The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as the Defendant must be reported to other agencies which were supplied such information.

78. Verizon is liable to the Plaintiff for failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2.

79. After receiving the Dispute Notice from the Bureaus, Verizon negligently failed to conduct its reinvestigation in good faith.

80. A reasonable investigation would require a furnisher such as Verizon to consider and evaluate a specific dispute by the consumer, along with all other facts, evidence and materials provided by the agency to the furnisher.

81. The conduct, action and inaction of Verizon was negligent, entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

82. As a result of the conduct, action and inaction of Verizon, Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, a chilling effect on future applications for credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

83. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Verizon in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 1681o.

WHEREFORE, Plaintiff, Tina Slaughter, an individual, demands judgement in her favor against Verizon for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681o.

## **DEMAND FOR TRIAL BY JURY**

84. Plaintiff demands and hereby respectfully requests a trial by jury for all claims and issues this Complaint to which Plaintiff is or may be entitled to a jury trial.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff demands judgment from each Defendant as follows:

a) For actual damages provided and pursuant to 15 U.S.C. § 1681o(a) be awarded for each negligent violation as alleged herein;

b) For Statutory damages provided and pursuant to 15 U.S.C. § 1681n(a);

c) For Punitive damages provided and pursuant to 15 U.S.C. § 1681n(a)(2);

d) For attorney fees and costs provided and pursuant to 15 U.S.C. § 1681n(a)(3) and 15 U.S.C. § 1681o(a)(2);

e) For any such other and further relief, as well as further costs, expenses and disbursements of this action as this Court may deem just and proper.

Dated:  April 17, 2026

Respectfully Submitted,

/s/C. Randolph Emory__
C. Randolph Emory
The Emory Law Firm, P.C.
11020 David Taylor Drive, Ste 102
Charlotte, NC 28262
Ph: 704-371-4333
remory@theemorylawfirm.com

*Counsel for Plaintiff*

14

<div style="margin-left: 50%;">

/s/Joshua Cohen  
Joshua Cohen, Esq.  
Stein Saks, PLLC  
One University Plaza, Ste. 620  
Hackensack, NJ 07601  
201-282-6500  
jcohen@steinsakslegal.com

*Counsel for Plaintiff*  
*(Pro hac vice pending)*

</div>